UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPB, NH, and JHB, individuals,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　v.<br>WASHOE COUNTY SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Defendant. | Case No. 3:22-cv-00340-ART-CLB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY |

Plaintiffs SPB, NH, and JHB sued Defendant Washoe County School District for violations of JHB's rights under the Individuals with Disabilities Education Act ("IDEA"). The Court granted Plaintiffs partial summary judgment, finding that the District violated its child find obligation and denied JHB a free appropriate public education ("FAPE") under the IDEA. (ECF No. 57.) The Court declined to rule on appropriate reimbursement or equitable remedy and ordered Plaintiffs to file a motion for reimbursement. (*Id.*)

The District moved the Court to reconsider its order, arguing that the Court should not have allowed Plaintiffs to file additional briefing on remedies. (ECF No. 58.) The District then moved the Court to stay proceedings pending adjudication of the motion for reconsideration. (ECF No. 66.) For the following reasons, the Court denies Defendant's motion for reconsideration (ECF No. 58) and denies Defendant's motion to stay (ECF No. 66). The Court grants Defendant's motion for an extension of time (ECF No. 75).

I. **LEGAL STANDARD**

A district court may reconsider an interlocutory order for cause, so long as it retains jurisdiction. LR 59-1(a). Reconsideration may be appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

1

1  change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith*, 727 F.3d at 955 (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Motions for reconsideration are disfavored [and a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

## II. DISCUSSION

### a. Motion for Reconsideration

The District does not present newly discovered evidence or argue that there has been an intervening change of law. Instead, the District asserts that the Court's order violates federal and local rules of civil procedure, the IDEA, and the due process clause. (ECF No. 58 at 9.)

District courts have broad discretion to manage their dockets. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). And the Ninth Circuit has found that a court does not abuse its discretion when ordering supplemental briefing. *See, e.g., Heyman v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 21-16377, 2022 WL 3594080, at *2 (9th Cir. Aug. 23, 2022) ("the district court did not abuse its discretion in ordering supplemental motions for summary judgment from the parties regarding certain claims"); *Arizona v. City of Tucson*, 761 F.3d 1005, 1009 n. 2 (9th Cir. 2014) ("the district court did not abuse its discretion in ordering the State to provide additional information through supplemental briefing, in lieu of ordering formal discovery").

As the District points out, the IDEA permits the introduction of "additional

1  evidence." 20 U.S.C.A. § 1415(e)(2). Accordingly, "judicial review in IDEA cases
2  differs substantially from judicial review in other agency actions, in which courts
3  generally are confined to the administrative record and are held to a highly
4  deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467,
5  1471 (9th Cir. 1993). In *Ojai*, the Ninth Circuit construed the term "additional"
6  to mean "supplemental" and explained that: "'The determination of what is
7  'additional' evidence must be left to the discretion of the trial court which must
8  be careful not to allow such evidence to change the character of the hearing from
9  one of review to a trial *de novo*.'" *Id.* at 1472-3 (quoting *Town of Burlington v.
10 Department of Edu.*, 736 F.2d 773, 791 (1st Cir. 1984)). The Court's order
11 requesting additional briefing on remedies does not transform this case into a *de
12 novo* trial; it merely allows the Court to fashion an appropriate equitable remedy.

13 Other courts have adopted the same approach that the Court took in this
14 case. *See, e.g., J.R. by & through Perez v. Ventura Unified Sch. Dist.*, 668 F. Supp.
15 3d 1054, 1078 (C.D. Cal. 2023) (finding an IDEA violation and ordering
16 supplemental briefing on remedies); *A.P. v. Pasadena Unified Sch. Dist.*, No. CV
17 19-7965-MWF (SSX), 2021 WL 810416, at *12 (C.D. Cal. Jan. 26, 2021) (same).

18 The Court's decision to order supplemental briefing on remedies is within
19 its broad authority to manage its docket and its broad discretion to craft
20 appropriate relief under IDEA. *See* 20 U.S.C. § 1415(i)(2)(C)(iii); *Forest Grove Sch.
21 Dist. v. T.A.*, 557 U.S. 230, 238 (2009). The District has failed to demonstrate that
22 the Court committed clear error or that reconsideration is warranted for any other
23 reason.

24 **b. Motion to Stay**

25 The District moved the Court to stay this case pending adjudication of the
26 motion for reconsideration. (ECF No. 66.) Because the Court denies the motion
27 for reconsideration, the motion to stay is denied as moot.

28

### c. Motion to Extend

The District moves to extend the deadline for its response to Plaintiffs' motion to supplement the administrative record (ECF No. 67), arguing that such a response may not be necessary if the Court grants either the Defendant's motion to strike (ECF No. 73) or motion for reconsideration (ECF No. 58). Good cause appearing, the Court grants Defendant's motion for an extension of time (ECF No. 75).

### III. CONCLUSION

It is therefore ordered that Defendant's motion for reconsideration (ECF No. 66) is denied.

It is further ordered that Defendant's motion to stay (ECF No. 58) is denied.

It is further ordered that Defendant's motion for an extension of time (ECF No. 75) is granted.

Defendant has until 14 days after this Court rules on Defendant's motion to strike (ECF No. 73) to respond to Plaintiffs' motion to supplement the administrative record (ECF No. 67).

Plaintiffs are directed to submit a motion as instructed in the Court's prior order (ECF No. 57), not to exceed twenty pages, within 30 days of this order. The District will have 21 days to respond, and Plaintiffs will have 14 days to reply. To summarize, the deadlines shall be as follows:

- Plaintiffs' supplemental briefing: February 24, 2025
- Defendant's response: March 17, 2025
- Plaintiffs' reply: March 31, 2025

DATED: January 24, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE